IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID T. RUSSELL,

        Plaintiff,

vs.

EDWARD R. ANDERSON,

        Defendant.

4:17CV3085

**ORDER**

This matter is before the Court on Defendant's First Motion for Sanctions ([Filing No. 56](#)) and Motion to Compel ([Filing No. 70](#)). For the reasons set forth below, the Motion for Sanctions will be denied. The Motion to Compel will be granted.

**BACKGROUND**

Several discovery disputes have arisen in this case. On May 8, 2018, the Court held a telephone conference with counsel for the parties in an effort to resolve one such dispute. The telephone conference was held, in accordance with this Court's general practice, to avoid the necessity of a motion to compel.

Immediately following the conference on May 8, 2018, the Court entered an Order, which provides, in part: "Plaintiff shall disclose all medical providers not previously disclosed within five (5) days of this Order. Plaintiff shall provide a certification that the list is full and complete to the best of Plaintiff's knowledge and belief." ([Filing No. 39](#).) The Order further provides that "Plaintiff shall review his social media accounts and determine what social media information is available for production. Plaintiff shall complete this review within fourteen (14) days of this Order, and confer with Defendant's counsel regarding production of this information." (*[Id](#)*.)

On May 10, 2018, the Plaintiff filed a "Notice of Compliance with May 8, 2018 Order." ([Filing No. 40](#).) The Notice of Compliance "certifies that to the best of Plaintiff's knowledge and recollection he has disclosed all medical providers who treated him for the ten years prior to the

collision in this case." The Notice of Compliance goes on to state that "Plaintiff produced the following bates numbered medical records containing the identity of the following health care providers at the following times," and then lists and describes certain bates numbered documents. (*Id*.) With respect to social media information, the Notice of Compliance provides that "Plaintiff is reviewing his social media information to see if there is anything to supplement his discovery responses . . . and will advise defendant's lawyers and supplement his responses if there is." (*Id*.)

Defendant filed the instant Motion for Sanctions on June 14, 2018, requesting that Plaintiff be sanctioned under Federal Rules of Civil Procedure 26(g), 37(b) and 37(c), as well as 28 U.S.C. § 1927. Defendant filed his Motion to Compel on July 24, 2018.

**DISCUSSION**

1.   **Motion for Sanctions**

The overarching theme of Defendant's Motion for Sanctions, and Plaintiff response thereto, is a debate as to the meaning of this Court's May 8, 2018 order. The Court believes its May 8 order was quite clear: Plaintiff was to provide a *list* of all medical providers that he had not previously disclosed, and then *personally* certify that the list was full and complete. Despite this directive, Plaintiff did not provide a list. Instead, Plaintiff referred to bates numbered documents and provided brief descriptions of those documents. Plaintiff also did not personally certify the list. Rather, Plaintiff had his attorney sign the Notice of Compliance.

In any event, to avoid any further disagreement regarding the meaning of the Court's May 8, 2018 order, and to be crystal clear, the Court reiterates that Defendant is entitled to know the names and addresses of medical providers (including, but not limited to, physicians, chiropractors, psychologists, and other medical practitioners) who treated Plaintiff during the ten years immediately preceding the accident at issue. The Court finds that this request is not overly broad, and is appropriate given the issues involved in this litigation. **Thus, the Court orders that Plaintiff provide Defendant with a *list* identifying the names and addresses of *all* such medical providers, including those providers previously disclosed, and to personally certify**

2

**that the list is full and complete.[1] The list must be provided to Defendant's counsel within five days of this Order. Sanctions will not be imposed at this time. However, if Plaintiff fails to fully comply with this Order, the Court will again consider the imposition of sanctions, including, but not limited to, an award of attorneys' fees and costs.**

2. **Motion to Compel**

Defendant has been attempting to obtain medical records from Plaintiff's medical providers for some time. Defendant has requested that Plaintiff sign medical releases and authorizations for these records, but Plaintiff has refused. Due to Plaintiff's refusal to sign these forms, as well as Defendant's refusal to identify all medical providers, Defendant sent Plaintiff a Notice of Serving Subpoenas to serve subpoenas upon Plaintiff's known medical providers. Plaintiff filed an objection to the Notice. ([Filing No. 61](#).)

The Court previously indicated that Defendant is entitled to the medical records he seeks. Defendant does not have to rely upon Plaintiff's word that all such "relevant" documents have been produced. Therefore, the Court finds that Defendant's subpoenas may issue. In the event the medical providers refuse to comply with the subpoenas, Plaintiff shall immediately sign the requested medical release and authorization forms.

Defendant has also moved to compel Plaintiff to respond to its Second Request for Documents. ([Filing No. 70-2](#).) Request No. 11, which is contained within Defendant's Second Request for Documents, seeks the production of "all bank statements, ledgers, balance summaries, or any other documentation evidencing Plaintiff's spending on the date of the accident in the above-referenced matter, and for the two weeks preceding and two weeks following the date of said accident." (*Id*.) Request No. 12, also included within Defendant's Second Request for Documents, requests the production of "all statements, invoices, data summaries, or any other

---

[1] The Court's May 8 order only required Plaintiff to list previously undisclosed medical providers. This Order expands upon that directive, and requires Plaintiff to list all medical providers who treated Plaintiff during the ten years immediately preceding the accident.

documentation evidencing the use and expense related to the Sprint phone [Plaintiff] used on the date of the accident in the above-referenced matter, dated from July 9, 2012 to present." (*Id*.)

Defendant argues that these requests seek relevant information because Plaintiff has alleged that the injuries he sustained in the accident at issue have affected every part of his life, including his business and social life. Defendant contends that given Plaintiff's allegations regarding his incapacitating injuries, Plaintiff's social activities in the time before and after the accident are relevant. Plaintiff contends that spending records and phone records will allow Defendant to compare the frequency of Plaintiff's social activities both before and after the accident. The Court finds that these requests seek relevant information and that they are not overly broad. **Plaintiff shall produce this information, in its entirety, by August 14, 2018. Failure to produce the requested information as ordered may result in the imposition of sanctions.**

The Court acknowledges that Plaintiff has objected to each of Defendant's motions, largely arguing that there is no good cause to extend the progression deadlines and re-open discovery. The Court disagrees. Defendant is entitled to the information sought, and Plaintiff has steadfastly refused to provide it. Therefore, the Court finds good cause to modify the progression order and will direct production of this information outside the deadlines set in the progression order.

### 3. Scheduling Matters

In light of the necessity for the production of additional discovery, it is clear to the Court that the pretrial conference and trial can no longer take place as currently scheduled. Therefore, the pretrial conference and trial are hereby continued. A telephonic status conference will be held with counsel on October 5, 2018, at 11:00 a.m. to reschedule the pretrial conference and trial.

Accordingly,

**IT IS ORDERED:**

1. Defendant's First Motion for Sanctions (Filing No. 56) is denied.

2. Defendant's Motion to Compel (Filing No. 70) is granted as set forth above.

3. The pretrial conference and trial are hereby continued. A telephonic status conference will be held on October 5, 2018, at 11:00 a.m. to reschedule the pretrial conference and trial. Telephone conference instructions are found at Filing No. 12.

Dated this 31st day of July, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge