IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID T. RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:17CV3085 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| EDWARD R. ANDERSON, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a diversity negligence action arising from a collision between Defendant's car and Plaintiff's motorcycle after Defendant's car crossed the center line of the highway on which both vehicles were traveling from opposite directions. Plaintiff moves for partial summary judgment on three issues: "(1) defendant was negligent in crossing the centerline and causing the collision, (2) Plaintiff did not fail to mitigate his damages, and (3) Plaintiff was not negligent in contributing to cause the collision." (Filing No. 31.) Plaintiff requests that "[t]he issue of damages, including causation of damages, will remain for jury trial . . . ." (*Id*.)

## I. RULE 56(d) REQUEST

Defendant opposes Plaintiff's Motion under Fed. R. Civ. P. 56(d) because "Defendant has not had time for adequate discovery, and Plaintiff has been noncompliant with Defendant's multiple requests for discovery responses. Defendant needs time to gather facts essential to justify opposition to this Motion." (Filing No. 37 at CM/ECF p. 1.) Defendant states that "Plaintiff served discovery requests as recently as March 23, 2018, and Defendant has not yet received complete full and complete responses from Plaintiff, despite repeated attempts to resolve differences." (*Id*.) These discovery disputes are apparently ongoing, as Defendant filed a Motion to Compel (Filing No. 70) just last week. Alternatively, Defendant argues that there are questions of material fact as to Defendant's negligence, Plaintiff's failure to

mitigate damages, and Plaintiff's contributory negligence. (Filing No. 37 at CM/ECF p. 2.)

Under Fed. R. Civ. P. 56(d), a party opposing summary judgment may "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). If this showing is made, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id*. In order to obtain additional discovery under Rule 56(d), the nonmovant must file an affidavit explaining "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (quoting *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008)); *see also Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (nonmovant "must file an affidavit affirmatively demonstrating . . . how postponement of a ruling on the motion [for summary judgment] will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact") (internal quotations and citations omitted).

> Specific facts sought must be identified. Mere speculation that there is some relevant evidence not yet discovered will never suffice. The movant must identify documents or specific facts that he believes would contradict the opposing side's evidence. Thus, the movant must show what additional evidence would prove his claim meritorious.

*Jackson*, 815 F.3d at 1121 (internal quotations, citations, and bracketing omitted).

In support of Defendant's opposition to Plaintiff's Motion for Partial Summary Judgment, Defendant's counsel has filed an affidavit listing the dates on which Defendant's counsel asked Plaintiff's counsel to remedy his "insufficient" and "outstanding" discovery responses and Plaintiff's counsel's failure to do so. (Filing

No. [37-2 at CM/ECF p. 2](#).) Defendant's affidavit fails to specify the nature of the missing discovery, other than it "includ[es] Plaintiff's medical history prior to the accident." (*[Id](#).*) The affidavit does not describe what specific facts are sought, how those facts would be relevant, and how the sought-after facts would reasonably raise a genuine issue of material fact regarding the issues upon which Plaintiff moves for partial summary judgment—Defendant's negligence, Plaintiff's failure to mitigate damages, and Plaintiff's contributory negligence. In short, Defendant has not specified how the desired evidence is "essential to justify [his] opposition" to Plaintiff's Motion, and has therefore failed to fulfill the requirements of Fed. R. Civ. P. 56(d).

When a party fails to carry its burden under Rule 56(d), "postponement of a ruling on a motion for summary judgment is unjustified." *[Humphreys v. Roche Biomed. Labs., Inc.](#)*, [990 F.2d 1078, 1081 (8th Cir. 1993)](#); *see also [Stanback v. Best Diversified Prods., Inc.](#)*, [180 F.3d 903, 912 (8th Cir. 1999)](#). Therefore, Defendant's request that the court delay its decision on Plaintiff's Motion for Partial Summary Judgment under Fed. R. Civ. P. 56(d) will be denied, and I will turn to the merits of Plaintiff's Motion. *[Chambers v. Travelers Companies, Inc.](#)*, [668 F.3d 559, 568 (8th Cir. 2012)](#) (district court did not abuse its discretion in denying motion to continue summary judgment proceedings under Fed. R. Civ. P. 56(f)[1] when motion to continue was filed five months after discovery expired, affidavit broadly requested "all relevant information and documents not timely produced and/or improperly withheld," and movant failed to "identify specific facts that further discovery might uncover and show how those facts would rebut [the opposing party's] showing of the absence of genuine issues of material fact"); *[Marksmeier v. Davie](#)*, [622 F.3d 896, 903 (8th Cir. 2010)](#) (district court did not abuse its discretion in denying Rule 56(f) motion to postpone summary judgment decision when supporting affidavit did not describe facts essential to justify movant's opposition to summary judgment motion, but only stated that "discovery in the form of depositions of at least the Defendants is necessary to

---

[1]Fed. R. Civ. P. 56(f) was recodified "without substantial change" as Rule 56(d) in 2010. Rule 56 Advisory Committee Note (2010 Amendment).

3

test the veracity of and refute the allegations made in the affidavits of Defendant Delmont and Defendant Davie in support of their respective Motions for Summary Judgment").

## II. MERITS OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Undisputed Material Facts

These are the properly-referenced facts the parties agree are undisputed and are therefore considered admitted under our Local Rules.[2] *See* NECivR 56.1.

1. On August 9, 2013, Defendant was driving his automobile northbound on Highway 281 in Greeley County, Nebraska, while Plaintiff was driving his motorcycle southbound. At that time and place, there was a collision between Plaintiff and Defendant.

2. At the time and place of the collision, Plaintiff was driving his motorcycle on the right-hand side of the southbound lane.

3. Defendant admits that shortly before the collision, he crossed the center line by seven feet; that in doing so, he violated Neb. Rev. Stat. § 60-6,139[3]; that "a reasonably careful person would not" cross the center line in the same situation; that he was "negligent in crossing the centerline on Highway 281 shortly before the

---

[2]*See* Pl.'s Br., Filing No. 32 at CM/ECF pp. 2-3 (Statement of Facts); Def.'s Br., Filing No. 37 at CM/ECF pp. 4-6 (Response to Plaintiff's Statement of Facts).

[3]Defendant admits to violating the following portion of section 60-6,139: "A vehicle shall be driven as nearly as practicable within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Neb. Rev. Stat. § 60-6,139 (Westlaw 2018).

4

[c]rash"; and Plaintiff's motorcycle was "'totaled' as a result of the [c]rash." (Filing No. 41-2, Def.'s Responses to Requests for Admissions.)

4. The police responded and walked the scene with a flashlight and were able to determine the point of impact from debris marks.

5. Plaintiff witnessed the police officer prepare the police report. Defendant Anderson has a copy of the police report and has read it. The police report is based on the police officer's investigation.

6. Plaintiff had surgery and physical therapy to treat his neck after the crash.

## **B. Analysis**

"In a diversity action for negligence, we apply the law of the forum state," which is Nebraska in this case. *Heatherly v. Alexander*, 421 F.3d 638, 641 (8th Cir. 2005) (internal quotation and citation omitted).

> To prevail in any negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and resulting damages. More specifically, in an automobile negligence action, a plaintiff must prove each of the following elements: (1) that the defendant was negligent in one or more of the ways alleged, (2) that this negligence was a proximate cause of the collision, (3) that the collision was a proximate cause of some damage to the plaintiff, and (4) the nature and extent of that damage.

*Lewison v. Renner*, 905 N.W.2d 540, 548 (Neb. 2018) (footnotes omitted). "Under Nebraska negligence law, proximate cause consists of three elements: that (1) but for the negligence, the injury would not have occurred, (2) the injury is the natural and probable result of the negligence, and (3) there is no efficient intervening cause." *Heatherly*, 421 F.3d at 641-42. "Causation is ordinarily a matter for the trier of fact."

*Hughes v. Sch. Dist. of Aurora*, 858 N.W.2d 590, 595 (Neb. 2015); *see also Pohl v. Cty. of Furnas*, 682 F.3d 745, 752 (8th Cir. 2012) ("proximate cause is a question of fact").

An "efficient intervening cause" is defined as:

> a new and independent act, itself a proximate cause of a result, which breaks the causal connection between the original wrong and the result. A person is not legally responsible for a result if it would not have resulted but for the interposition of an efficient intervening cause, which he should not have reasonably anticipated or reasonably foreseen.

*Heatherly*, 421 F.3d at 642. (internal quotation, italics, and citation omitted). "The doctrine that an intervening act cuts off a tort-feasor's liability comes into play only when the intervening cause is not foreseeable." *Baldwin v. City of Omaha*, 607 N.W.2d 841, 853 (Neb. 2000) (internal quotation and citation omitted). "Foreseeability is ordinarily a question for the trier of fact, but where reasonable minds could not differ, foreseeability determinations can properly be made as a matter of law." *Baumann v. Zhukov*, 802 F.3d 950, 954 (8th Cir. 2015) (internal quotation and citation omitted).

The Defendant in this case has asserted a contributory-negligence defense and also argues that an efficient intervening cause breaks the causal connection between Defendant's conduct and Plaintiff's alleged injuries. (Answer, Filing No. 8 ¶ 18; Def.'s Br., Filing No. 37 at CM/ECF p. 37.) Contributory negligence, which must be proved by the party asserting it, "occurs where the plaintiff breaches a duty of care and his breach concurs and cooperates with the defendant's negligence to form a proximate cause of the injury." *Pohl v. Cty. of Furnas*, 682 F.3d 745, 754 (8th Cir. 2012) (internal bracketing, quotation, and citation omitted). The existence of contributory negligence is a question of fact. *Id.*

> A plaintiff is contributorily negligent if (1) he or she fails to protect himself or herself from injury, (2) his or her conduct concurs and cooperates with the defendant's actionable negligence, and (3) his or her conduct contributes to his or her injuries as a proximate cause.

*Gonzalez v. Union Pac. R.R. Co.*, 872 N.W.2d 579, 584 (Neb. 2015).

Under Neb. Rev. Stat. § 25-21,185.09 (Westlaw 2018), contributory negligence, if found, requires the "apportionment of damages by fault," *Baldwin*, 607 N.W.2d at 853 (internal quotation and citation omitted), which is "solely a matter for the fact finder." *Pohl*, 682 F.3d at 755 (internal quotation and citation omitted).

> Any contributory negligence chargeable to the claimant shall diminish proportionately the amount awarded as damages for an injury attributable to the claimant's contributory negligence but shall not bar recovery, except that if the contributory negligence of the claimant is equal to or greater than the total negligence of all persons against whom recovery is sought, the claimant shall be totally barred from recovery. The jury shall be instructed on the effects of the allocation of negligence.

Neb. Rev. Stat. § 25-21,185.09.

Here, Defendant admits that he was negligent in crossing the center line on Highway 281 shortly before the crash. (Filing No. 41-2, Def.'s Responses to Requests for Admissions.) Therefore, Plaintiff is entitled to summary judgment on the first element of his negligence claim—that is, that the Defendant was negligent in one or more of the ways alleged.

As to the second element of Plaintiff's negligence claim—that Defendant's negligence was a proximate cause of the collision—the parties disagree as to material facts regarding whether Plaintiff's allegedly bright headlight, the lack of white lines

on the sides of the road due to recent road construction, the "pitch black"[4] conditions, the speed at which the parties were driving, the hilly terrain, the curvy road, and the formation in which Plaintiff's motorcycle group was riding were unforeseeable "efficient intervening causes" that broke the causal connection between Defendant's crossing the center line and the resulting damage to Plaintiff and his property. In other words, Defendant's evidence is sufficient to create a dispute of material fact as to causation—specifically, whether there was an efficient intervening cause that would partially or fully absolve Defendant of liability.

As to the third and fourth elements of Plaintiff's negligence claim (that the collision was a proximate cause of some damage to the plaintiff and the nature and extent of that damage), Defendant admits that the collision was a proximate cause of the damage to the Plaintiff's motorcycle, but he does *not* admit a causal connection between his negligence and Plaintiff's claimed extensive bodily injuries. There is a genuine dispute as to the nature and extent of the full amount of damage inflicted upon Plaintiff and the extent to which the collision caused such damage.[5]

Finally, the limited amount of evidence and few undisputed material facts presented in conjunction with Plaintiff's Motion for Partial Summary Judgment make it impossible to determine whether Plaintiff was contributorily negligent and, if so, how damages should be apportioned between the parties if they were both negligent. There is also little to no evidence regarding Plaintiff's mitigation of damages.

Accordingly, Plaintiff's Motion for Summary Judgment will be granted only as to the admitted fact that the Defendant was negligent in crossing the center line, but

---

[4] *See* Pl.'s Dep., Filing No. 32-2 at CM/ECF p. 41.

[5] *See* Pl.'s Dep., Filing No. 32-2 at CM/ECF pp. 76-112 (discussion of Plaintiff's physical injuries and duration thereof, how such injuries have affected his business, Plaintiff's pain level, and activities Plaintiff can no longer perform).

will be denied as to the issues of whether Plaintiff failed to mitigate his damages and whether he was negligent in contributing to cause the collision.

IT IS ORDERED:

1. Defendant's request that the court delay its decision on Plaintiff's Motion for Partial Summary Judgment (Filing No. [31](#)) under Fed. R. Civ. P. 56(d) is denied.

2. Plaintiff's Motion for Partial Summary Judgment (Filing No. [31](#)) is granted in part and denied in part as follows:

   a. Plaintiff's Motion for Summary Judgment is GRANTED as to the admitted fact that the Defendant was negligent in crossing the center line on or about August 9, 2013, when Defendant was driving his automobile northbound on Highway 281 in Greeley County, Nebraska, while Plaintiff was driving his motorcycle southbound; and

   b. Plaintiff's Motion for Summary Judgment is DENIED as to the issues of whether Plaintiff failed to mitigate his damages and whether Plaintiff was negligent in contributing to cause the collision.

DATED this 1st day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge