IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID T. RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:17CV3085 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| EDWARD R. ANDERSON, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This is a diversity negligence action stemming from a collision between Defendant's car and Plaintiff's motorcycle after Defendant's car crossed the center line of the highway. The court previously granted summary judgment in favor of Plaintiff as to Defendant's liability for crossing the center line (Filing No. 73). Remaining for trial are the issues whether Plaintiff failed to mitigate his damages and whether Plaintiff was negligent in contributing to cause the collision. (Filing No. 73 at CM/ECF p. 9.)

    In an Order entered on July 31, 2018, (Filing No. 72)—and after having addressed numerous prior discovery disputes in this case (Filing Nos. 36, 39, 48, 54)—Magistrate Judge Bazis denied Defendant's Motion for Sanctions (Filing No. 56), granted Defendant's Motion to Compel (Filing No. 70), and continued the pretrial conference and trial. On August 13, 2018, Plaintiff filed an Objection (Filing No. 75) to the portions of the Magistrate Judge's Order which:

1. Allowed Defendant to serve subpoenas upon all of Plaintiff's medical providers who treated him during the 10 years immediately preceding the accident, regardless of why treatment was provided, and despite the fact that the deadline for written discovery expired four months earlier;

2. Required Plaintiff to produce all bank statements, ledgers, balance summaries, or any other documentation evidencing Plaintiff's spending on the date of the accident (August 9, 2013), and for the two weeks preceding and two weeks following the date of the accident;

3. Required Plaintiff to produce all statements, invoices, data summaries, or any other documentation evidencing the use of, and expenses related to, the Sprint phone Plaintiff used on the date of the accident (August 9, 2013) and from July 9, 2013, to the present; and

4. Found good cause to modify the progression order and direct the production of the above information outside the deadlines set forth therein, as well as continued the trial.

After careful review conducted pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and NECivR 72.2, I find that the challenged portions of the Magistrate Judge's order are not clearly erroneous or contrary to law. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) ("the district court has broad discretion in establishing and enforcing the deadlines" set forth in the court's scheduling order); *E.E.O.C. v. Prod. Fabricators Inc.*, 285 F.R.D. 418, 421 (D. Minn. 2012) (extending discovery deadlines to allow production of medical, employment, and tax records that party had been compelled to produce by prior court order); *Hajek v. Kumho Tire Co., Inc.*, No. 4:08CV3157, 2010 WL 1292447, at *2 (D. Neb. Mar. 30, 2010) ("In discovery matters, the magistrate judge is afforded great deference.") (citing *Pflum v. United States*, 212 F.R.D. 580, 582 (D. Kan. 2003)); *Brooks v. Lincoln Nat'l Life Ins. Co.*, No. 8:05CV118, 2006 WL 2487937, at *3 (D. Neb. Aug. 25, 2006) ("Under a clearly erroneous standard, a district court can reverse a magistrate judge's order only if the court is left with the definite and firm conviction that a mistake has been committed.") (internal quotation omitted).

Accordingly,

IT IS ORDERED:

1. Plaintiff's Statement of Objections to Magistrate Judge's Order (Filing No. 75) is denied;

2. The Magistrate Judge's Order entered on July 31, 2018 (Filing No. 72), is sustained and shall not be disturbed; and

3. Defendant's Motion for Leave to File Surreply (Filing No. 81) is denied.

DATED this 10th day of September, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
