IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DAVID T. RUSSELL, | ) | 4:17CV3085 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| EDWARD R. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

On May 17, 2019, the jury returned a verdict in favor of Plaintiff, David Russell, on his negligence claim against Defendant, Edward Anderson, and awarded Plaintiff damages in the amount of $7,000.00. *See* Filing 126. Judgment was entered in accordance with the jury's verdict that same date. *See* Filing 128.

On June 13, 2019. Plaintiff filed a motion for a new trial "on the limited issue of the nature and extent of his damages." Filing 142. The motion for new trial is now fully briefed, and is ripe for determination.[1]

"The authority to grant a new trial is within the discretion of the district court." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996); Fed. R. Civ. P. 59(a)(1). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive [or inadequate] damage award, or legal errors at trial, resulted in a miscarriage of justice." *Id.*

---

[1] On July 10, 2019, Plaintiff filed a request for oral argument. *See* Filing 158. That request will be denied. The court has carefully reviewed the parties' briefs and exhibits, and does not believe that the decisional process would be aided by oral argument. *See* NECivR 7.1(d) ("In general the court does not allow oral argument ... on motions. The party requesting oral argument ... must state (1) why argument ... is necessary and (2) an estimate of the time required ...."). Plaintiff merely states that "there are many facts, arguments, and points raised by the parties and oral argument may assist the trial court in resolving the motion" (Filing 158).

"[A]n allegedly erroneous evidentiary ruling does not warrant a new trial unless the [admission or exclusion of] evidence was so prejudicial that a new trial would likely produce a different result." *Burris v. Gulf Underwriters Ins. Co.*, 787 F.3d 875, 880 (8th Cir. 2015) (quoting *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005)). Similarly, giving an allegedly erroneous jury instruction will justify a new trial "only where the error affects the substantial rights of the parties." *Bamford, Inc. v. Regent Ins. Co.*, 822 F.3d 403, 410 (8th Cir. 2016) (quoting *Bauer v. Curators of the Univ. of Mo.*, 680 F.3d 1043, 1044 (8th Cir. 2012)). A new trial will be ordered only "if the error misled the jury or had a probable effect on its verdict." *Id.* (quoting *Acuity v. Johnson*, 776 F.3d 588, 596 (8th Cir. 2015)).

"Although the appropriateness of a new trial is a federal procedural question decided by reference to federal law, in determining whether a state law claim damage award is excessive [or inadequate], state case law guides [the] inquiry." *Niemiec v. Union Pac. R.R. Co.*, 449 F.3d 854, 858-59 (8th Cir. 2006) (quoting *Sanford v. Crittenden Mem'l Hosp.*, 141 F.3d 882, 884 (8th Cir. 1998)). Under Nebraska law, "[a]n award of damages may be set aside as excessive or inadequate when, and not unless, it is so excessive or inadequate as to be the result of passion, prejudice, mistake, or some other means not apparent in the record." *Roth v. Wiese*, 716 N.W.2d 419, 436 (Neb. 2006). "Where the amount of damages allowed by a jury is clearly inadequate under the evidence, it is error for the trial court to refuse to set the verdict aside." *Christian v. Smith*, 759 N.W.2d 447, 463 (Neb. 2008).

With respect to alleged errors occurring at trial, the court stands by its evidentiary rulings and jury instructions, and, with the exception of the three limiting instructions that were given to the jury during the direct examination of Plaintiff's expert, does not believe any further explanation is necessary because the record speaks for itself. The purpose of the limiting instructions was to provide jurors with a proper understanding of the legal basis for the court's overruling of Defendant's objections to the expert's testimony on causation, so they would not be misled into thinking they were required to accept the expert's opinions at face value.[2] A judge may properly comment on the presentation of evidence to exercise

---

[2] For example, the first limiting instruction was given after Plaintiff's expert was asked how the fact that an MRI was taken five days after the accident "correlat[ed] into [his]

control over a trial and to conduct the trial efficiently. *Mitchell v. Kirk*, 20 F.3d 936, 937 (8th Cir. 1994) (citing *Harris v. Steelweld Equip. Co., Inc.*, 869 F.2d 396, 401-02 (8th Cir.1989)); *see Tweedle v. State Farm Fire & Cas. Co.*, 202 F. App'x 934, 939 (8th Cir. 2006) (unpublished) ("A trial judge is given 'considerable' discretion to comment on the evidence at trial.") (quoting *Billingsley v. City of Omaha*, 277 F.3d 990, 997 (8th Cir. 2002)).

The court's instructions concerning the weight to be given to expert testimony, even if deemed overly repetitious, are not likely to have misled the jury or affected its verdict. The jurors were instructed at the outset of the trial that "[y]ou should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be" (Filing 104, p. 3), and again in the final jury instructions that "[n]either in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be" (Filing 119, p. 3). It may also be noted that Plaintiff joined with Defendant in requesting that the jury be given an instruction regarding expert testimony (Filing 94, p. 2), and that Plaintiff had no objection to the court giving Instruction No. 5 in the final jury instructions (Filing 119, p. 6).

With respect to the amount of damages awarded, the jury obviously concluded that Plaintiff's proof of causation was, for the most part, insufficient. Considering the record as a whole, this was not an unreasonable conclusion for the jury to have reached. While the Nebraska Supreme Court has "held verdicts in personal injury cases to be inadequate as a matter of law where the amount was in irreconcilable conflict with stipulated or uncontested damages," *Reiser v. Coburn*, 587 N.W.2d 336, 342 (Neb. 1998), that is not the situation presented here.

---

causation conclusion" (Filing 143-2, p. 25). The witness responded, "It's a proximate relationship," and expounded that "if the chicken coop's burning and your little brother's standing there with the matches, then it's pretty much that your little brother started the fire" (*Id.,* pp. 25-26). He placed the odds at "one in a hundred thousand or something" that anything besides the accident would have caused the disc herniation that was shown on the MRI (*Id.*, p. 26). Defense counsel objected and moved to strike the answer under Rule 702 because the witness was "engaging in post hoc analysis" that was not helpful to the trier of fact (*Id.*). The objection was overruled, but the jurors were instructed that, ultimately, it would be up to them to decide whether or not the accident was the proximate cause of Plaintiff's injuries (*Id.*).

"In awarding damages, the fact finder is not required to accept a party's evidence of damages at face value, even though that evidence is not contradicted by evidence adduced by the party against whom the judgment is to be entered. Generally, a jury is entitled to determine what portion of a claimed injury was proximately caused by the incident and what portion of the medical bills was reasonably required." *Springer v. Bohling*, 643 N.W.2d 386, 395 (Neb. 2002) (citations omitted); *see Jones v. Meyer*, 594 N.W.2d 610, 614 (Neb. 1999) (holding that the jury could have reasonably concluded that the evidence did not support a finding that all of the plaintiff's medical expenses were a result of the accident); *Hausman v. Cowen*, 601 N.W.2d 547 (Neb. 1999) (holding the evidence was sufficient to support the jury's damage award of $10,000 for personal injuries sustained in a motor vehicle collision, rather than $2 million which the plaintiff had requested); *Schneider v. Chavez-Munoz*, 616 N.W.2d 46, 57 (Neb. App. 2000) (affirming judgment entered on the jury's $0 damage award even though the plaintiff was granted summary judgment on the issue of liability and the parties stipulated that she incurred $7,691.58 in medical expenses); *Holden v. Wal-Mart Stores, Inc.*, 608 N.W.2d 187 (Neb. 2000) (the jury's finding that the plaintiff sustained only $6,000 in damages was not the result of a mistake, but the result of conflicting evidence at trial; a subsequently incurred medical bill of at least $25,000 could be attributed to a pre-existing condition); *Austin by Austin v. Timperley*, No. A-12-933, 2014 WL 1229550, at *4-5 (Neb. App. Mar. 25, 2014) (unpublished) (affirming judgment entered on the jury's damage award of $1,466 in medical expenses, rather than $32,828.78 as claimed by the plaintiff); *Almond v. Reeves*, No. A-15-659, 2016 WL 3964899, at *8-10 (Neb. App. July 19, 2016) (unpublished) (trial court did not abuse its discretion in denying the plaintiff's motion for new trial on the issue of damages where the jury awarded $307 for medical expenses, rather than $2,006 that was claimed).

Because the jury returned a general verdict, which Plaintiff had requested (Filing 96, p. 9), it cannot be determined what portion, if any, of the $7,000.00 damage award was for medical bills, as opposed to compensation for physical injuries or pain and suffering.[3] The

---

[3] Plaintiff theorizes that the jury's damage award was based on a statement made by defense counsel during her closing argument that Plaintiff incurred $6,969 in expenses for chiropractic and imaging services immediately after the accident (Filing 143-3, p. 87), and complains that such amount cannot be calculated from the billing summary that was placed in evidence. Plaintiff has not shown, however, that the statement was inaccurate.

jury was instructed that it could consider each of these things in determining its damage award (Filing 119, p. 12). Non-economic damages are "highly subjective" and should be committed to the sound discretion of the jury. *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1088 (8th Cir. 2017) (quoting *Hudson v. United Sys. of Ark., Inc.*, 709 F.3d 700, 705 (8th Cir. 2013)).

Plaintiff argues that the jury's damage award "shocks the conscience" when it is compared to a settlement offer that Defendant made shortly before trial (Filing 152-1), but the court gives no weight to this evidence. *See* Fed. R. Evid. 408(a)(1) (evidence of offering a valuable consideration in attempting to compromise a disputed claim is not admissible to prove the validity or amount of the claim).

In summary, there was no miscarriage of justice in this case. Plaintiff has not shown that any evidence was erroneously excluded or admitted, or that the jury was not properly instructed. The jury's damage award is not clearly inadequate under the evidence.

IT IS THEREFORE ORDERED:

1. Plaintiff's request for oral argument (Filing 158) is denied.

2. Plaintiff's motion for new trial (Filing 142) is denied.

DATED this 25th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge